UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| BENJAMIN PAUL LANDRY | NO: 17-00102-BAJ-RLB |

### RULING AND ORDER

Before the Court is the **Joint Motion to Consolidate (Doc. 32)**. Defendant Benjamin Landry and the United States seek to consolidate two criminal cases for sentencing, which are pending before Chief Judge Brian A. Jackson and Judge John W. deGravelles. (Doc. 32-1).

## I.  BACKGROUND

The United States filed two Bills of Information against the Defendant on July 28, 2017. (17-CR-102-BAJ, Doc. 1; 17-CR-103-JWD, Doc. 1). The first, assigned to Chief Judge Jackson, charged the Defendant with conspiracy to commit health care fraud for submitting fraudulent claims to Medicare and Blue Cross and Blue Shield of Louisiana from 2006 to 2013. (17-CR-102-BAJ, Doc. 1). The second, assigned to Judge deGravelles, charged the Defendant with conspiracy to obtain oxycodone for using fraudulent prescriptions from 2008 to 2014. (17-CR-103-JWD, Doc. 1). On September 13th and 17th of 2017, the Defendant pled guilty in both cases. (17-CR-102-BAJ, Doc. 12; 17-CR-103-JWD, Doc. 11).

On August 16, 2017, the Government filed an unopposed Motion to Consolidate

1

the cases for the sake of judicial economy. (17-CR-102-BAJ, Doc. 5 at ¶ 5). The Government cited Local Rules 3(a), 3(b), and 10(b) in support of their Motion, as well as the broad discretion afforded to district courts under 28 U.S.C. §137 to assign cases to particular judges. (Doc. 5). In a ruling from the bench, the Court declined to consolidate the cases because the Local Rules cited by the Government apply only to the consolidation of civil—not criminal cases—and because the Bills of Information did not indicate that the two cases were factually related or based on a common scheme or plan.

Not satisfied with the Court's first decision, the Government and the Defendant again urge the Court to consolidate Defendant's cases, although for different reasons. (Doc. 32-1).[1] The parties contend that if the Defendant is sentenced in the conspiracy to obtain oxycodone case before Judge deGravelles first, his criminal history category may rise to category II, vaulting his Guidelines range from 24-30 months to 27-33 months, when he is sentenced in the health care fraud case before Chief Judge Jackson. (Doc. 32-1 at p. 2). Under the Guidelines each of a Defendant's prior sentences of imprisonment contribute to a Defendant's total criminal history category points. U.S.S.G. § 4A1.1. So the more convictions a Defendant has at sentencing, the higher the Defendant's Guidelines range.

---

[1] Although not styled as a motion for reconsideration the parties are asking the Court to reconsider its previous denial of the Government's unopposed Motion for Reconsideration. The Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, but district courts have "continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Reed*, No. CR 15-100, 2016 WL 54903, at *10 (E.D. La. Jan. 5, 2016).

## II. DISCUSSION

The parties do not point to—nor could the Court identify—any cases providing specific guidance on whether a court should consolidate cases for sentencing in similar circumstances. First, the parties argue that Local Rule 3(a), 3(b), and 10(b) provide a basis to consolidate Defendant's cases. (Doc. 32-1 at p. 3). Yet these rules speak only to the transfer and consolidation of civil cases involving similar operative facts. These rules do not speak to criminal cases. Similarly unavailing is the Government and Defendant's reliance on a number of civil cases interpreting the consolidation of cases under Federal Rule of Civil Procedure 42(a), which permit courts to consolidate civil cases involving "a common question of law or fact." The United States Court of Appeals for the Fifth Circuit, though, has repeatedly held that the Federal Rules of Civil Procedure do not apply to criminal cases. *See United States v. Fuller*, 459 F. App'x 346 (5th Cir. 2012); *United States v. Jaimes-Jurado*, 254 Fed. Appx. 341, 342 (5th Cir. 2007). The Local Rules and Federal Rules of Civil Procedure are thus no help to the parties.

The parties next cite the Court's inherent authority to transfer and consolidate cases for the expeditious administration of justice. (Doc. 32-1 at p. 3). To be sure, in criminal cases, "District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982). This authority arises from 28 U.S.C. § 137, which provides that the "business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the Court" and Federal Rule

3

of Criminal Procedure 57(b), which provides that if "no procedure is specifically prescribed by Rule, the Court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

But while the Court has the power to transfer Defendant's case, the Court declines to exercise this power in light of the more specific Rules of Criminal Procedure governing joinder of criminal cases. Under Rule 8, an indictment may charge a defendant with two or more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." And under Rule 13 a court may order "that separate cases be tried together . . . if all offenses and all defendants could have been joined in a single indictment or information." But neither the Government nor the Defendant moved to join Defendant's cases under Rule 13, nor does either party argue that the cases could have even been brought in the same indictment in the first place.

Finally, the parties reliance on the sentencing factors contained in 18 U.S.C. § 3553 is misplaced. Under § 3553, courts are required "to impose a sentence sufficient, but not greater than necessary" to account for a variety of factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" The parties contend that an increase in Defendant's sentence based on the dates of his sentencings would create a sentence that would be greater than necessary to accomplish the prescribed sentencing goals. While this could be true, the § 3553 factors do not provide any authority to consolidate cases; they are factors

4

to be considered when imposing a sentence. At any rate, either party is free to argue for a variant sentence due to the impact of the scheduling of the Defendant's sentencings. Indeed, the Court would expect Defense counsel, as a zealous advocate, to make this argument at sentencing.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Joint Motion to Consolidate (Doc. 32)** is **DENIED.**

Baton Rouge, Louisiana, this 30th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**